IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALAN ANTOINE TOWNSEND,**

      Plaintiff,

v.                                 Civil Action No. 1:10CV123
                                       (Judge Keeley)

**U.S. DEPARTMENT OF JUSTICE,
FEDERAL BUREAU OF PRISONS,
and UNITED STATES PENITENTIARY -
HAZELTON,**

      Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12],
GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
[DKT. NO. 14], AND REMANDING CASE TO THE MAGISTRATE JUDGE**

On August 11, 2010, the pro se plaintiff, Alan Antoine Townsend ("Townsend"), a federal inmate at United States Penitentiary Lewisburg, filed a complaint against the defendants, United States Department of Justice, Federal Bureau of Prisons, and United States Penitentiary Hazelton (collectively, "the defendants"), seeking restoration of his good time credits, challenging his designation to the Special Management Unit ("SMU"), claiming deliberate indifference to his serious medical needs,[1] and seeking damages for libel.

---

[1] The magistrate judge construed this claim as one brought pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

**TOWNSEND V. U.S. DEPARTMENT OF JUSTICE, ET AL.            1:10CV123**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12], GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [DKT. NO. 14], AND REMANDING CASE TO THE MAGISTRATE JUDGE**

The Court referred Townsend's complaint to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), for initial screening pursuant to this District's Local Rule of Prisoner Litigation Procedure 2. On October 13, 2010, Magistrate Judge Kaull issued his Report and Recommendation ("R&R"), in which he recommended that Townsend's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A (dkt. no. 12). The R&R also specifically warned Townsend that his failure to object to the recommendation within fourteen days of his receipt of the R&R would result in waiver of any appellate rights he might have as to these issues. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

On October 28, 2010, Townsend filed timely objections to the R&R (dkt. no. 14), which only challenged the magistrate judge's recommendation to dismiss his claim of deliberate indifference to his serious medical needs. His failure to object to the R&R's additional recommendations relieves this Court of any obligation to conduct a de novo review of those issues, Thomas, 474 U.S. at 148-53; Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997), and the Court therefore **ADOPTS** Magistrate Judge Kaull's recommendation to dismiss Townsend's claims seeking to restore good

2

**TOWNSEND V. U.S. DEPARTMENT OF JUSTICE, ET AL.**          **1:10CV123**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12], GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [DKT. NO. 14], AND REMANDING CASE TO THE MAGISTRATE JUDGE**

time credits, challenging his designation to the SMU, and seeking damages for libel. It **DISMISSES** those claims **WITHOUT PREJUDICE**. See 28 U.S.C. §§ 1915(e) and 1915A.

With respect to Townsend's claim of deliberate indifference to his serious medical needs, Magistrate Judge Kaull recommended that the Court dismiss this claim because Townsend failed to name an individual defendant. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (holding that a plaintiff may only pursue a Bivens action against a federal official as an individual). In his objections, however, Townsend seeks leave to file an amended complaint naming "Dr. Azumah, [t]he Male Dentist who operated on [him] Dec[ember] 21, 2009, Mr[.] Milton (Unit Manager), Ms[.] Corbin (P.A.), and Mr. Weaver as defendants for blatantly denying [him] medical services that [he] was in need of." (dkt. no. 14).

Pursuant to Federal Rule of Civil Procedure 15(a), a district court should grant a plaintiff leave to file an amended complaint "'when justice so requires,' in the absence of any apparent or declared reason, such as undue delay, bad faith, or undue prejudice." Green v. Department Of Corrections, No. 10-1447, 2010 WL 3511098, at *2-*3 (3d Cir. Sept. 8, 2010) (unpublished) (quoting Fed. R. Civ. P. 15(a)). In this case, Townsend's proposed amendment to his complaint addresses the pleading deficiency

**TOWNSEND V. U.S. DEPARTMENT OF JUSTICE, ET AL.              1:10CV123**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 12], GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [DKT. NO. 14], AND REMANDING CASE TO THE MAGISTRATE JUDGE**

identified in the R&R, and such amendment would not result in undue delay or prejudice. Accordingly, the Court **GRANTS** Townsend leave to file his amended complaint (dkt. no. 14) within thirty (30) days following receipt of this Order, and **REMANDS** this case to the magistrate judge for further consideration. See L.R. P.L. P. 2.

In conclusion, the Court **ADOPTS** Magistrate Judge Kaull's R&R (dkt. no. 12), **DISMISSES WITHOUT PREJUDICE** Townsend's claims 1) seeking the restoration of good time credits, 2) challenging his designation to the SMU, and 3) seeking damages for libel (dkt. no. 1), **GRANTS** him leave to file an amended complaint within thirty (30) days following service of this Order (dkt. no. 14), and **REMANDS** this case to Magistrate Judge Kaull for further consideration.

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and to the Honorable John S. Kaull, United States Magistrate Judge, and to mail a copy to the pro se plaintiff, certified mail, return receipt requested.

Dated: December 1, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE