# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALAN ANTOINE TOWNSEND,

      **Plaintiff,**

v.                                      **Civil Action No. 1:10cv123**
                                                 **(Judge Keeley)**

M. ASUMAH, CHAD WESTFALL,
MR. MILTON, MS. CORBIN, MR. WEAVER,
U.S. DEPT. OF JUSTICE, FEDERAL
BUREAU OF PRISONS AND U.S.
PENITENTIARY - HAZELTON

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On August 11, 2010, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the U.S. Department of Justice, the Federal Bureau of Prisons and the U.S. Penitentiary-Hazelton. [Dckt. 1] After an initial review and report and recommendation [dckt. 12], the only claim that remains is the plaintiff's claim of deliberate indifference to serious medical needs pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). [Dckt. 15] Because, however, the plaintiff's complaint failed to name an appropriate defendant under Bivens, on February 1, 2011, the plaintiff was granted permission to file an amended complaint. *Id.*

      The plaintiff filed his amended complaint on February 11, 2011. [Dckt. 20] In the complaint, the plaintiff states that M. Asumah, Chad Westfall, Mr. Milton, Ms. Corbin and Mr.

Weaver, were deliberately indifferent to his serious medical needs under Bivens.¹  *Id.*  Moreover, although he was previously advised that the U.S. Department of Justice, the Federal Bureau of Prisons, and the U.S. Penitentiary-Hazelton were not proper defendants under Bivens, the plaintiff again names them as defendants in this action.  See Dckt. 12 at 5; see also FDIC v. Meyer, 510 U.S. 471, 484-86 (1994).

Accordingly, the undersigned recommends that the U.S. Department of Justice, the Federal Bureau of Prisons and the U.S. Penitentiary-Hazelton be **DISMISSED** as defendants in this action. See Meyer, *supra* (refusing to find a Bivens remedy against a federal agency); Preval v. Reno, 203 F.3d 821 (4th Cir. 2000) (unpublished) (a jail is not a person and is not amenable to suit). Nonetheless, the undersigned further finds that the plaintiff's claims against M. Asumah, Chad Westfall, Mr. Milton, Ms. Corbin and Mr. Weaver **PROCEED**² and that those defendants be served with a copy of the complaint and a summons through the United States Marshal Service.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States

---

¹The plaintiff alleges that he was denied medical care for a vision problem for which he suffered headaches and blurry vision.  He also alleges that he suffered from pain, bleeding and infection after having a molar and wisdom tooth extracted.  In each case, the plaintiff asserts that he needlessly suffered while his medical needs were neglected for months.

²To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 18, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE