IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALAN ANTOINE TOWNSEND,**

            **Plaintiff,**

v.                      //       CIVIL ACTION NO. 1:10cv123
                                 (Judge Keeley)

**MICHAEL AZUMAH,[1] CHAD WESTFALL,
RICHARD MILTON, PATRICIA CORBIN,
and MICHAEL WEAVER,**

            **Defendants.**

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE

        Pending before the Court is the magistrate judge's Report and
Recommendation ("R&R") concerning the civil rights action filed by
Alan Antoine Townsend. For the reasons set forth below, the Court
**ADOPTS** the R&R and **DISMISSES** Townsend's complaint.

**I.**

        On August 11, 2010, the pro se plaintiff, inmate Alan Antoine
Townsend ("Townsend"), filed a complaint against the United States
Department of Justice ("DOJ"), the Federal Bureau of Prisons
("BOP"), and the U.S. Penitentiary at Hazelton ("USP Hazelton")
(collectively "institutional defendants"), seeking restoration of
his good time credits, challenging his designation to the Special
Management Unit ("SMU"), claiming deliberate indifference to his
serious medical needs, and seeking damages for libel. The Court

---

[1] Improperly designated in the amended complaint as "Michael Asumah."
(Dkt. No. 20).

TOWNSEND v. AZUMAH, ET AL.                              1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

Magistrate Judge Kaull issued an R&R on October 13, 2010, in which he recommended that Townsend's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim. (Dkt. No. 12). On October 28, 2010, Townsend filed timely objections to the R&R, challenging only the magistrate judge's recommendation to dismiss his deliberate indifference claim and offering to cure the pleading deficiency noted by the magistrate judge, i.e., the failure to name individual defendants, via amendment. (Dkt. No. 14). The Court adopted the R&R on December 1, 2010, granted Townsend leave to amend his complaint as to the deliberate indifference claim, and dismissed without prejudice his claims seeking restoration of his good time credits, challenging his designation to the SMU, and seeking damages for libel.

On February 11, 2011, Townsend filed an amended complaint alleging deliberate indifference to his visual and dental medical needs pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and adding as defendants Dr. Michael Azumah, M.D. ("Dr. Azumah"), Dr. Chad Westfall, D.D.S. ("Dr. Westfall"), Unit Manager Richard Milton ("Milton"), Assistant

2

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

Health Services Administrator Michael Weaver ("Weaver"), and
Patricia Corbin, P.A. ("Corbin") (collectively "the defendants").
(Dkt. No. 20).[2] On October 5, 2011, the defendants Dr. Azumah,
Milton, Corbin, and Weaver[3] filed a consolidated Motion to Dismiss,
or in the alternative, Motion for Summary Judgment. (Dkt. No. 65).
Magistrate Judge Kaull issued a Roseboro notice to the plaintiff on
October 11, 2011, and Townsend filed a response opposing the
defendants' motion on October 27, 2011. (Dkt. No. 76).

Magistrate Judge Kaull issued his R&R on April 13, 2012, which
recommended that (1) the defendants' motion to dismiss or for
summary judgment be granted; (2) Townsend's claims against Weaver,
Milton, and Corbin be dismissed with prejudice under 28 U.S.C. §§
1915A and 1915(e) for failure to state a claim upon which relief
can be granted; (3) Townsend's claims against Dr. Azumah be
dismissed without prejudice for failure to exhaust administrative

---

[2] Pursuant to a second R&R issued by Judge Kaull on March 18, 2011, (dkt.
no. 22), and without objection by Townsend, the Court dismissed the
institutional defendants from this action with prejudice on April 11,
2011, as improper defendants under Bivens. (Dkt. No. 26); see generally
Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996) ("Any remedy
under Bivens is against federal officials individually, not the federal
government.").

[3] The United States Marshals Service issued copies of the complaint and
summonses to the defendants pursuant to 28 U.S.C. § 1915(d). The
summonses were returned as executed against all defendants except Dr.
Westfall, who has not been served in this action. See (Dkt. No. 50).

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

remedies; and (4) Townsend's claims against Dr. Westfall be dismissed without prejudice for lack of service. (Dkt. No. 93 at 21).

Townsend filed objections to the R&R on May 29, 2012, challenging the magistrate judge's recommendation to dismiss his deliberate indifference claims against Milton, Weaver, Corbin, and Dr. Westfall, which relate to his allegedly inadequate dental care. (Dkt. No. 101).[4] The Court then conducted a de novo review of the issues raised and, for the reasons that follow, concludes that Townsend's objections are without merit.

### II.

Townsend was incarcerated in the Special Housing Unit ("SHU") of USP Hazelton between December 12, 2009 and May 23, 2010. (Dkt. No. 66-4 at 2). The day before his placement in the SHU, Dr. Dorothy Knuppel, D.M.D., saw Townsend in the Dental Clinic for oral pain related to "disturbances in tooth eruption." (Dkt. No. 67-1 at 40). Ten days later, on December 21, 2009, Dr. Chad Westfall,

---

[4] Townsend acknowledges that he failed to exhaust his administrative remedies with respect to his vision-care claims directed against the defendant Michael Azumah. (Dkt. No. 76 at 10 ("The Plaintiff concedes that no administrative remedies were exhausted in regards to vision/eye care and therefore M. Azumah should be removed from the complaint with prejudice.")). Accordingly, the Court **ADOPTS** the magistrate judge's recommendation and **DISMISSES** the claims against Azumah **WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

TOWNSEND v. AZUMAH, ET AL.                          1:10CV123

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE

D.D.S., extracted two impacted teeth from the bottom right side of
the plaintiff's jaw. Id. at 42. Subsequent to this surgery, Dr.
Westfall provided Townsend with a prescription for pain medication
and instructed him to "follow up at sick call as needed." Id. at
43. Townsend alleges that approximately one month later, "[o]n or
around January 20, 2010," he "noticed the swelling had not
completely went [sic] down and there was still severe pain." (Dkt.
No. 20 at 2). The swelling on the right side of his face allegedly
worsened throughout February, affecting his ability to eat solid
foods, id., and he began to leak pus "[i]n or around the end of
March." Id. at 2. Townsend maintains that he lost twenty-five
pounds as a direct result of this condition. Id.[5]

Townsend alleges that, prior to his eventual treatment for
this condition, he verbally advised Unit Manager Richard Milton and
Assistant Health Services Administrator Michael Weaver that he was
in pain and needed medical attention. Id. at 2-3. He further
alleges that he filed several administrative grievances and
submitted numerous requests for medical appointments throughout

---

[5] The medical records reflect that Townsend, who is seventy inches tall
(dkt. no. 67-8 at 55), lost thirty pounds within a six-month time period,
the majority of which he spent in the SHU. Townsend weighed 191 pounds
on October 30, 2009 (id. at 32), and 161 pounds on May 6, 2010 (id. at
55).

5

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

January and February, to all of which he received no response. Id.[6]
Nevertheless, there is no record, medical or otherwise, concerning
Townsend's alleged facial swelling, or any complaints thereof,
until late March 2010.[7]

Townsend's medical records establish that, on March 22, 2010,
he submitted a written request for assistance from Health Services
because his mouth was "swollen and sore" and he believed that it
may be "infected." (Dkt. No. 67-7 at 4); (Dkt. No. 66-1 at 6).[8]
Patricia Corbin, P.A., saw Townsend in the SHU that same day and
advised Dr. Westfall via e-mail of his condition. (Dkt. No. 66-3 at
1). Ten days after this, on April 1, 2010, Corbin treated Townsend

---

[6] The Court notes that the plaintiff's account as to the number,
frequency, and timing of his written requests for medical attention vary
throughout his filings in this case.

[7] Health services personnel make daily rounds in the SHU, (dkt. no. 66-4
at 2), and medical personnel twice refilled the plaintiff's pre-existing
prescription medications pursuant to "encounters" occurring in late
January and mid-February. Specifically, Townsend's medical records from
that time period reflect that Dr. Inerio Alarcon, M.D., made an
administrative note at Health Services on January 20, 2010, renewing the
plaintiff's asthma medication. (Dkt. No. 67-8 at 45). The next month, on
February 12, 2010, Nanette VanDyke-McDonald, A.R.N.P., made an
administrative note at the SHU renewing the plaintiff's prescription for
a skin cream to treat a "[r]ash and other nonspecific skin eruption." Id.
at 46.

[8] The plaintiff has also submitted a Request for Informal Resolution
("BP-8" form) that he alleges he submitted on March 19, 2010, which
complains of oral pain and delayed medical treatment. (Dkt. No. 76-2 at
1). Although Townsend maintains that this request was "never answered,"
the form itself reflects that it was "forward[ed] to Health Services
Dept. to properly address" on March 22, 2010. Id.

TOWNSEND v. AZUMAH, ET AL.                              1:10CV123

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

in the SHU, prescribing both pain medication and a two-week course of antibiotics for what she described as "cellulitis and abscess of face." (Dkt. No. 67-8 at 48-49). The next day, Townsend was sent to the Dental Clinic and evaluated by Dr. Westfall, who noted that the surgical site was healing normally and determined that Townsend's swelling and discomfort were caused by an infected hair on his cheek. (Dkt. No. 67-8 at 50). Townsend alleges that this is a "misdiagnosis" because "hair does not grow on that part of [his] face." (Dkt. No. 20 at 3).

Although Corbin treated Townsend in the SHU less than a week after the dental appointment, on this occasion for seasonal allergies, Townsend's medical records contain no further mention of the "5 by 5mm" facial abscess at issue in this case. (Dkt. No. 67-8 at 50-53). As damages resulting from Dr. Westfall's alleged misdiagnosis, Townsend asserts that, although his facial swelling has since receded, he still has pain "from time to time" and the "hair on [his] face does not grow regularly." (Dkt. No. 20 at 3).

As to Patricia Corbin, Dr. Westfall, Richard Milton, and Michael Weaver, Townsend alleges they acted with deliberate indifference in failing to either secure or provide adequate medical treatment for his facial abscess. He seeks "to be compensated in the sum of $5,000,000 for medical negligence,

7

TOWNSEND v. AZUMAH, ET AL.                              1:10CV123

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE

violation of [his] civil right to receive adequate medical care[,] and [] pain and suffering." (Dkt. No. 20 at 3).

III.

A.

The Court liberally construes pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and quotation marks omitted)). However, even under that liberal standard, the Court has the authority to sua sponte dismiss an in forma pauperis action that is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Whether a complaint states a claim upon which relief can be granted is determined by the standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (citing DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000)). To survive such a motion, a complaint must contain enough allegations of fact "to state a claim for relief that is plausible on its face." Bell

8

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE

Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).[9]

**B.**

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). At the same time, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a

---

[9] Notably, the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted); see also Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A pro se complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (citations omitted)).

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). In evaluating a motion for summary judgment, the Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson, 477 U.S. at 248.

### IV.

To state a cognizable claim for denial of medical care in violation of the Eighth Amendment under Bivens, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[10] Estelle v. Gamble, 429 U.S. 97, 105 (1976). Specifically, a plaintiff must allege two distinct elements: first, that he suffered from an objectively "serious medical condition" not "timely or properly treated"; and that, subjectively, each named defendant acted with "deliberate indifference" toward his condition. Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001); see also Trulock v. Freeh, 275

---

[10] A prisoner is required to exhaust "such administrative remedies as are available" prior to filing a Bivens action in federal court. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 524 (2002). The magistrate judge noted that the "weight of the evidence" indicates that Townsend failed to exhaust his administrative remedies in regard to his claims of allegedly inadequate dental care. (Dkt. No. 93 at 13). Inasmuch as the magistrate judge neither found that there was no genuine issue of material fact on this issue nor relied upon this finding in his recommendations, the Court will not interpose any procedural barriers to addressing Townsend's claims on the merits.

TOWNSEND v. AZUMAH, ET AL.                          1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

F.3d 391, 402 (4th Cir. 2001) (liability under <u>Bivens</u> is "personal, based upon each defendant's own constitutional violations").

Under the objective prong of <u>Estelle</u>, a "serious" medical condition is one "diagnosed by a physician," or one that is "so obvious that even a layperson would recognize the need for a doctor's treatment." <u>Harden</u>, 27 F. App'x at 177. Where an Eighth Amendment claim involves a delay but not a denial of medical care, the plaintiff must show "some substantial harm" resulting from the delay. <u>Webb v. Hamidullah</u>, 281 F. App'x 159, 166 (4th Cir. 2008). This can be demonstrated by a "marked" worsening of the condition, "frequent complaints of severe pain," or the progression of the condition so that it is no longer treatable. <u>Id.</u> at 167. The plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.'" <u>Crowley v. Hedgepeth</u>, 109 F.3d 500, 502 (8th Cir. 1997) (quoting <u>Hill v. Dekalb Regional Youth Detention Ctr.</u>, 40 F.3d 1176, 1188 (11th Cir. 1994)).

Under <u>Estelle</u>'s subjective prong, "deliberate indifference" entails "something more than negligence." <u>Farmer v. Brennan</u>, 511 U.S. 825, 835–37 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

11

TOWNSEND v. AZUMAH, ET AL.                              1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

Id. at 837. Reasonableness of the actions taken must be judged in light of the risk a defendant actually knew at the time. See Brown v. Harris, 240 F.3d 383, 390 (4th Cir. 2001) (citing Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998)). In other words, the plaintiff must show "obduracy and wantonness, not inadvertence or error in good faith." Wilson v. Seiter, 501 U.S. 294, 298–99 (1991). Deliberate indifference "can be manifested . . . 'by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.'" Smith v. Smith, 589 F.3d 736, 738–39 (4th Cir. 2009) (quoting Estelle, 429 U.S. at 104–05).

### A. Patricia Corbin

The magistrate judge recommended that the claims against Patricia Corbin, P.A., be dismissed because she is an employee of the United States Public Health Service ("PHS") and entitled to absolute immunity from personal liability for the medical care she provided to Townsend. (Dkt. No. 93 at 16–17). Townsend's objections notwithstanding, it is clear beyond peradventure that "PHS officers and employees are not personally subject to Bivens actions" for performing a medical or related function in the course of their employment. Hui v. Castaneda, --- U.S. ----, 130 S. Ct. 1845, 1848

12

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

(2010); see also 42 U.S.C. § 233(a). As it is undisputed that
Townsend has sued Corbin, a PHS employee, for injuries resulting
from medical functions within the scope of her employment, she is
absolutely immune from personal liability in this case. (Dkt. No.
66-3 at 1). The Court therefore **OVERRULES** Townsend's objections and
**DISMISSES** his claims against Corbin **WITH PREJUDICE.**

### B. Michael Weaver

The magistrate judge recommended that the claims against
Assistant Health Care Administrator Michael Weaver be dismissed for
failure to state a claim. (Dkt. No. 93 at 14). The sole allegation
against Weaver in the amended complaint is that "in or around the
end of March [2010]" Weaver saw the plaintiff's swollen cheek and
assured him that he would be permitted to see a dentist. (Dkt. No.
20 at 2-3). The plaintiff stated that he was treated by Dr.
Westfall "[t]wo weeks later," id. at 3, and elaborated that Weaver
"personally escorted" him to this appointment. (Dkt. No. 76 at 8).[11]
Townsend objects to the dismissal of Weaver on the grounds that he

---

[11] In his response to the defendants' motion, Townsend alleges that he in
fact saw Weaver "[i]n or around the beginning of March 2010," at which
point he advised Weaver that he was in pain. (Dkt. No. 76 at 8). After
a second encounter occurring two weeks later, Townsend claims that Weaver
put him on the sick call list. Id. at 9. According to the plaintiff,
Weaver then personally escorted him to the dentist on April 2, 2012. Id.
Under either scenario, Weaver's actions show attentiveness, not
indifference.

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

"did not take [sic] into account the seriousness of [Townsend's] condition. Even though [Weaver] did know that [Townsend] needed some type of medical attention." (Dkt. No. 101 at 8). Presumably, the plaintiff feels that his condition warranted a more expeditious dental appointment.

Here, Townsend has not alleged or otherwise shown that Weaver was personally involved with his actual medical treatment or intentionally denied or delayed of any such treatment; rather, he contends that Weaver should have "done more" in response to the plaintiff's complaints. Quite simply, however, "[t]he mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation." Cooper v. Corporal, No. 9:06-3407, 2007 WL 3034594, at *7 (D.S.C. Oct. 15, 2007) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975)). The argument that Weaver "failed to take into account" the seriousness of Townsend's condition in securing his medical care, even if taken as true, demonstrates at most a mere "error of judgment" or "inadvertent failure to provide adequate medical care," not "a constitutional deprivation redressable under [42 U.S.C.] § 1983." Boyce v. Alizaduh, 595 F.2d 948, 953 (4th Cir. 1979) abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989); see also Young v. City of Mount Ranier, 238 F.3d 567,

TOWNSEND v. AZUMAH, ET AL.                           1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

575-76 (4th Cir. 2001) ("Deliberate indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care.").

Given the plaintiff's allegations, the Court agrees with the magistrate judge that Weaver "acted within the scope of his duties as the health care administrator and acted in as timely a fashion as possible to secure treatment for the plaintiff after becoming aware of his complaints." (Dkt. No. 93 at 14-15). "Deliberate indifference is a very high standard," Young, 238 F.3d at 575, and Townsend's claims against Weaver fall far short of stating a cognizable constitutional violation. Accordingly, the Court **OVERRULES** the plaintiff's objections and **DISMISSES** his claims against Weaver **WITH PREJUDICE.**

### C. Richard Milton

The magistrate judge also recommended that the claims against Unit Manager Richard Milton be dismissed for failure to state a claim. (Dkt. No. 93 at 15). In allegations somewhat parallel to those levied against Weaver, the amended complaint states only that the plaintiff "spoke with" Milton "on three separate occasions," at which point the defendant allegedly stated that he would "look into" Townsend's complaints. (Dkt. No. 20 at 2). In his response to

15

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

the defendants' motion, the plaintiff further claims that he requested informal resolution forms ("BP-8s") from Milton, who ignored his requests. (Dkt. No. 76 at 4-5).[12] Magistrate Judge Kaull recommended dismissal of these claims because Townsend failed to allege Milton's personal involvement in his medical care and, in any event, his complaints regarding access to grievance forms failed to state a actionable Bivens claim. (Dkt. No. 93 at 15). Townsend objects on the grounds that Milton "violate[d] the [p]laintiff's constitutional rights when he interfered in not providing an administrative remedy form to seek immediate medical attention." (Dkt. No. 101 at 4).

Inmates have no constitutionally protected right to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); see also Smith v. Ray, No. 02-6199, 2002 WL 1162396, at *1 (4th Cir. June 3, 2002). Accordingly, Townsend cannot maintain a Bivens claim against Milton for interference with his access to

---

[12] The plaintiff's allegations concerning his access to grievance procedures are inconsistent. The original complaint, for example, alleges that Townsend filed two grievances regarding his dental care, one of which he gave to Milton. (Dkt. No. 1 at 4). The plaintiff went on to allege that he had received a response on the grievance he had provided to Milton, which was "forwarded to medical." Id. Per his amended complaint, Townsend alleged that he filed a "BP-8," "BP-9," and "BP-10" regarding his dental complaints, all of which purportedly went unanswered. (Dkt. No. 20 at 2). The plaintiff has also twice alleged that he was able to obtain grievance forms through his "case manager," a "Mr. Mura." Id.; see also (Dkt. No. 14 at 2).

TOWNSEND v. AZUMAH, ET AL.                              1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

these procedures, and such claims are appropriately subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). To the extent that Townsend now argues Milton's failure to provide grievance forms is tantamount to "interfering" with his access to medical care, "[t]his argument is nothing more than a back-door attempt to hold [Milton] liable" under that same invalid theory. Sisson v. Davis, No. 1:11cv313, 2012 WL 368223, at *4 (E.D. Va. Feb. 2, 2012).

The Court further finds that Townsend has not alleged sufficient personal involvement by Milton with his medical care to make a plausible showing of deliberate indifference to his medical needs. As previously stated, in order to bring a deliberate indifference claim against non-medical prison personnel, an inmate must show that such officials "'intentionally den[ied] or delay[ed] access to medical care or intentionally interfer[ed] with the treatment once prescribed.'" Smith, 589 F.3d at 738–39 (quoting Estelle, 429 U.S. at 104–05). Prison personnel may rely on the health care providers' expertise as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990); see also Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995). In light of these principles, Townsend has not alleged facts that would state a cognizable § 1983 claim against Milton, a non-medical employee. The Court therefore **OVERRULES** his objections and

17

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

**DISMISSES** his claims against Milton **WITH PREJUDICE.**

#### D. Chad Westfall

The magistrate judge recommended that the claims against Dr. Chad Westfall, D.D.S., be dismissed for failure to serve process. (Dkt. No. 93 at 13). A summons was issued for Dr. Westfall on May 12, 2011, and returned unexecuted on July 7, 2011. (Dkt. No. 50).[13] Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m). In his objections to the R&R, Townsend asks the Court to direct the United States Marshals Service to conduct a "limited search" to locate Dr. Westfall in lieu of dismissing his claims. (Dkt. No. 101 at 4).

As Townsend is proceeding in this action in forma pauperis, the Court directed the United States Marshals Service to effectuate service of process. (Dkt. No. 26). See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) ("In forma pauperis plaintiffs must rely on the district court and the U.S. Marshals Service to effect

---

[13] Inasmuch as Dr. Westfall has not been served in this action, the Court **DENIES** the plaintiff's motion for default judgment. (Dkt. No. 94).

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

service of process according to 28 U.S.C. § 1915."). In such cases, "the prisoner need furnish no more than the information necessary to identify the defendant." Richardson v. Johnson, 598 F.3d 734,73940 (11th Cir. 2010); see also Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. March 22, 2000). Where a prisoner provides the appropriate identifying information, "the Marshals Service's failure to complete service will constitute good cause under Fed. R. Civ. P. 4(m) if the defendant could have been located with reasonable effort." Greene, 2000 WL 296314, at *1 (citing Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995)).

Here, Townsend provided sufficient identifying information for Dr. Westfall in that he described this defendant as a dentist employed by USP Hazelton.[14] The Marshals' return states only that it attempted service "through BOP Legal Services Division," and that "[t]wo certified return receipt letters were mailed with no response." (Dkt. No. 50 at 2). As in Greene, "[t]his statement reflects no investigative effort to locate [Dr. Westfall] at his new address." 2000 WL 296314, at *1. Nevertheless, Townsend failed to object to this defect until May 29, 2012, almost eleven months

---

[14] According to an affidavit submitted by the defendants, Dr. Westfall resigned from his employment with the BOP on April 23, 2010. (Dkt. No. 66-6 at 2).

TOWNSEND v. AZUMAH, ET AL.                              1:10CV123

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

after the summons was returned unexecuted and almost eight months after the defendants moved to dismiss Dr. Westfall for failure of service.

As Townsend failed to assert this argument in response to the defendants' motion to dismiss or otherwise seek to effectuate service within any reasonable time period, he has failed to demonstrate good cause for an extension of the deadline to serve Dr. Westfall. See Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate" U.S. Marshals service, but rather "[a]t a minimum . . . attempt to remedy any apparent defects [about] which [he] has knowledge"). Accordingly, the Court **OVERRULES** Townsend's objections to the R&R.

In addition, the Court notes that the plaintiff has failed to state a cognizable claim for relief against Dr. Westfall and, as such, that service upon this defendant is neither necessary nor warranted. See 28 U.S.C. §§ 1915A and 1915(e). At bottom, Townsend's claims against Dr. Westfall sound exclusively in negligence. The amended complaint assigns error to Dr. Westfall's "misdiagnosis" and "medical negligence," but none of these allegations even approach the threshold of deliberate indifference. (Dkt. No. 20 at 3).

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE

It is a well-established principle that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Miltier, 896 F.2d at 851 (deliberate indifference is medical treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness").

At most, Townsend has alleged that Dr. Westfall failed to provide appropriate follow-up care for the initial tooth extraction, and then improperly diagnosed his facial abscess. (Dkt. No. 20 at 3). Such disagreements between patient and doctor are essentially allegations of negligence that do not present any constitutional deprivation. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (finding that medical judgments are not judicially reviewable). Accordingly, they are not "enough to raise a right to relief [under § 1983] above the speculative level." Twombly, 550 U.S. at 547. The Court thus **FINDS** that the plaintiff's claims against Dr. Westfall are subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915A and 1915(e).

**TOWNSEND v. AZUMAH, ET AL.**                                    **1:10CV123**

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

**V.**

For the reasons discussed, the Court:

1.    **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 93);

2.    **GRANTS** the defendants' Motion to Dismiss or, in the alternative, for Summary Judgment (dkt. no. 65);

3.    **DENIES** Townsend's Motion for Default Judgment (dkt. no. 94);

4.    **GRANTS** the defendants' Motion to Strike (dkt. no. 103) the plaintiff's improvidently filed "Objection to the Use of Defendant's Summary Judgment Exhibits and the Show of Cause of Defendant's Bad Faith in Their Affidavits" (dkt. no. 102) and **ORDERS** that Dkt. No. 102 be **STRICKEN** from the record and **RETURNED** to the plaintiff by mail; and

5.    **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

TOWNSEND v. AZUMAH, ET AL.                                    1:10CV123

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DISMISSING CASE WITH PREJUDICE

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: September 5, 2012.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

23